GT GreenbergTraurig

Mark E. Ferrario
Tel (702) 792-3773
Fax (702) 792-9002
ferrariom@gtlaw.com

Tyler Andrews
Tel (702) 792-3773
Fax (702) 792-9002
tyler.andrews@gtlaw.com

Sarah E. Atlas
Tel (212) 801-9200
Fax (212) 801-6400
atlass@gtlaw.com

November 14, 2024

**VIA ELECTRONIC CASE FILING**
Honorable Paul A. Engelmayer
United States District Court
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: ***Berryman v. Reading International, Inc.*, Case No. 24-cv-00750-PAE**

Dear Judge Engelmayer:

Defendant Reading International, Inc. ("Reading") continues to move to dismiss Plaintiff Haley Berryman's ("Plaintiff") Count I for violation of the Video Privacy Protection Act ("VPPA") because Reading is not a "video tape service provider." In *Salazar v. National Basketball Association*, the NBA did not dispute that it was a video tape service provider, but instead only challenged whether the plaintiff had sufficiently alleged he was a consumer. *See* 118 F.4th 533, 539 (2d Cir. 2024) ("On the merits, the NBA primarily argued that Salazar was not a 'consumer' under the VPPA since he was not a 'renter, purchaser, or subscriber of goods or services from a video tape service provider.'"). Unlike the NBA (which hosts "a broad selection of video content"), Reading is not a "video tape service provider" subject to the VPPA.[1]

As stated in Reading's motion to dismiss and the reply in support, two separate courts have concluded that theaters are not video tape service providers subject to the VPPA. *See Garza v. Alamo Intermediate II Holdings, LLC*, No. 23-cv-05849-VC, 2024 WL 1171737, at *1 (N.D. Cal. Mar. 19, 2024) ("The Video Privacy Protection Act claim is dismissed because a movie theater operator like Alamo is not a 'video tape service provider' under the statute"); *Osheske v. Silver Cinemas Acquisition Co.*, No. 2:22-cv-09463-HDV-JCx, 2023 WL 8188464, at *1 (C.D. Cal. Oct. 31, 2023) (refusing to find a movie theater subject to the VPPA and stating that to

[1] Because Reading is not a "video tape service provider," this Court need not reach the issue of whether Plaintiff sufficiently alleged she is a "consumer," though Reading disagrees with the *Salazar* decision and preserves the argument for appeal.

GT GreenbergTraurig

"expand the VPPA to cover the ***public*** act of attending a movie theater is a bridge too far and is patently inconsistent with both the plain language and legislative history of the VPPA itself"). And nothing in the *Salazar* decision addresses or alters that conclusion. Just the opposite, the Second Circuit noted key differences that, while permitting the plaintiff there to argue that he was a "consumer," defeat Plaintiff's argument here that Reading is a video tape service provider. *See Salazar*, 118 F.4th at 547 (distinguishing the definitions of "consumer" and "video tape service provider" and requiring the "video tape service provider" to "deal in 'audio visual materials'").

Indeed, ***no court*** has ever held (to Reading's knowledge) that a movie ***theater*** is subject to the VPPA. Just the opposite, the environment in which the VPPA was created was in response to a "video store" disclosing to a reporter the identification of 146 films that Judge Robert Bork and his family had watched in their home. Senator Patrick Leahy commented, as noted by the Court, that it was nobody's business "what Oliver North or Robert Bork or Griffin Bell or Pat Leahy watch on television or read or think about when they are home." *Salazar*, 118 F.4th at 544-45 (quoting S. Rep. No. 100-599, at 5-6); *see also id.* at 548 (stating the VPPA would apply to "a business dealing primarily in audiovisual materials (think Blockbuster) and one dealing in primarily *non*-audiovisual materials (think a general store that rents out a few movies)"). That is the opposite of movie theaters, or to the online sale of tickets to view a movie at a theater.[2] Tellingly, Congress left movie theaters outside the scope of the VPPA despite theaters having long been in existence by the time the VPPA was passed.

Nor is it sufficient that Plaintiff alleges Reading includes links on its website to which a visitor could view a movie trailer because the peripheral use of videos does not transform a non-video tape service provider into one. *See Cantu v. Tapestry, Inc.*, 697 F. Supp. 3d 989, 993 (S.D. Cal. Oct. 3, 2023) ("At the end of the day, Plaintiff has not sufficiently alleged Defendant's hosting and creation[3] of audio-visual materials rises to a level beyond marketing Defendant's products. This means Plaintiff has not sufficiently alleged facts to indicate Coach is a video tape service provider and therefore subject to the VPPA."). That case is particularly informative. As that court noted, "to be 'engaged in the business' of audio-visual services such that a defendant's activities rise to the level of video tape service provider requires the plaintiff sufficiently plead the defendant's involvement 'connotes a particular field of endeavor' or a 'focus of the defendant's work.'" *Id.* (citing *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1221 (C.D. Cal. 2017); *accord Tawam v. Feld Ent. Inc.*, 684 F. Supp. 3d 1056, 1060-61 (S.D. Cal. July 28, 2023)). "It is not enough that the defendant is engaged in the delivery of video content 'peripherally or passively. The plaintiff must sufficiently allege that the defendant's 'products are specifically tailored to serve audiovisual material.'" *Id.* (citations omitted).

Tellingly, in both examples provided by the Court in *Salazar*, the company (whether Blockbuster or a general store renting movies among its services and goods) deals in (i.e., sells, delivers, or rents) audiovisual materials as a business. Reading does not do so and it is not engaged in the business of doing so. It is engaged in the business of selling movie ***tickets*** to in-

[2] For the same reasons, Reading continues in the alternative to move to strike all related class allegations and proposed classes.

[3] Reading does not "create" any audio-visual materials.

GT GreenbergTraurig

theater showings—as Plaintiff alleges. Because Reading is not a video tape service provider subject to the VPPA, Plaintiff's Complaint should be dismissed. *Compare Cantu*, 697 F. Supp. 3d at 993 *with In re Hulu Privacy Litig.*, No. C 11-003764 LB, 2012 WL 3282960, at *4–7 (N.D. Cal. Aug. 10, 2012) (where Hulu offered video streaming services) *and Ellis v. Cartoon Network, Inc.*, No. 1:14-CV-484-TWT, 2014 WL 5023535, at *1 (N.D. Ga. Oct. 8, 2014) (Cartoon Network shows and video clips).

Respectfully submitted,

*/s/ Tyler Andrews*
Mark E. Ferrario
Tyler Andrews
Sarah E. Atlas

*Counsel for Defendant*
*Reading International, Inc*.

cc: All counsel of record (via ECF)