BURSOR & FISHER
P.A.

1330 AVENUE OF THE AMERICAS, 32ND FLOOR
NEW YORK, NY 10019
www.bursor.com

PHILIP L. FRAIETTA
Tel: 646.837.7150
Fax: 212.989.9163
pfraietta@bursor.com

December 5, 2024

***<u>Via ECF</u>***

The Honorable Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

*Re: Berryman v. Reading International, Inc.*, Case No. 24-cv-00750-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

Defendant Reading International, Inc. (doing business as "Angelika Film Center") concedes in footnote one of its November 14, 2024 letter that, in light of the Second Circuit's decision in *Salazar v. National Basketball Association*, Angelika Film Center is no longer moving to dismiss Plaintiff's VPPA cause of action or strike any of Plaintiff's proposed VPPA subclasses on the grounds that Plaintiff is not a "consumer." *See* ECF No. 30. Instead, it maintains that, because it is movie theater operator, it need not comply with the VPPA. *Id.* at 1 ("theaters are not video tape service providers subject to the VPPA").

This is incorrect. As the Second Circuit explains: "Congress cast a wide net in defining 'video tape service provider,' to ensure that <u>businesses dealing in audiovisual goods or services</u> satisfy the definition." *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 548 (2d Cir. 2024) (emphasis added). Here, Angelika Film Center "deal[s] in audiovisual goods or services" because:

- "Defendant … delivers hundreds of videos on its website," Complaint ¶ 85, and;
- "Defendant … delivers open-reel movies on the silver screens in its many brick-and-mortar theater locations." *Id.*

Each of these allegations *independently* establish that Angelika Film Center is a video tape service provider ("VTSP").

As to the first allegation, Angelika Film Center appears to concede that the delivery of "movie trailers" on its website is conduct that falls within the definition of video tape service provider. ECF No. 30, at 2; *accord Golden v. NBCUniversal Media, LLC*, 688 F. Supp. 3d 150, 156 (S.D.N.Y. 2023) (Engelmayer, J.) (collecting cases holding "that websites that provide video content … are video tape service providers under the VPPA"). Nevertheless, citing out-of-Circuit case law, Defendant counters that "the peripheral use of videos does not transform a non-video tape service provider into one." ECF No. 30, at 2. But, here, ***in the Second Circuit,***

*Salazar* says that it does: "'video tape service provider' is defined broadly to include even those businesses that dabble in video rentals." 118 F.4th at 549 (emphasis added). So "the statute applies equally to a business dealing primarily in audiovisual materials (think Blockbuster) and one dealing in primarily *non*-audiovisual materials (think a general store that rents out a few movies)." *Id*. at 548 (emphasis in original). After all, the 1988 Senate Report advocating the VPPA's passage supports the Second Circuit's reasoning by also listing the "department store," the "golf shop," and the "continuity club," as examples of VTSPs. Complaint, ¶ 17 (citing S. Rep. 100-599 at 12-13). Indeed, even the cases on which Defendant relies hold that "movie theaters can potentially be considered VTSPs if they engage in other prohibited conduct, such as disseminating online movies or trailers and then disclosing a viewer's home-viewing history." *Osheske v. Silver Cinemas Acquisition Co.*, 700 F. Supp. 3d 921, 927 (C.D. Cal. 2023).

As to the second allegation, Angelika Film Center would also be also a VTSP because it "delivers open-reel movies on the silver screen in its many brick-and-mortar theater locations." Complaint, ¶ 85. As Your Honor noted, the definition of video tape service provider "looks to a video's format, rather than … the provider's identity." *Golden*, 688 F. Supp. 3d at 156. And the 1988 "Senate Report recommending passage of the VPPA specifically identifies 'open-reel movies,' as the types of technologies that provide 'similar audio visual materials,' beyond video cassette tapes." *Louth v. NFL Enterprises LLC*, 2022 WL 4130866, at *4 (D.R.I. Sept. 12, 2022) (quoting S. Rep. 100-599, at 12) (cleaned up, emphasis added). As such, a movie theater operator like Angelika Film Center qualifies as a VTSP given that "we think that Congress cast such a broadly inclusive net in the brick-and-mortar world." *Salazar*, 118 F.4th at 552 (quoting *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 488 (1st Cir. 2016)).

Citing two more out-of-Circuit cases—both presently on appeal before the Ninth Circuit (Case Nos. 23-3882 and 24-2165)—Reading also argues that movie theaters cannot be VTSPs because "expand[ing] the VPPA to cover the ***public*** act of attending a movie theater is a bridge too far." ECF No. 30, at 1-2 (*quoting Osheske*, 700 Supp. 3d at 922) (emphasis in original). But as Plaintiff previously noted, these cases "may be reversed" because the VPPA was enacted to apply to "public acts like Judge Bork renting VHS tapes from his local D.C. area video store." Opposition Brief, ECF No. 17, at 7, n.1. Echoing this same point at oral argument, Ninth Circuit Judge Lucy Koh asked: "But how different is it – if you go to a video rental store, everyone in line can see what you're browsing, everyone in line can see what you're purchasing to view, so it just doesn't seem like there's a material difference in terms of privacy interests there. And I know you argue in your brief you can always go rent your movie when the store is empty, but that's true of a movie theater, right? You go to a 8:30 a.m. showing and you'll be the only one there; no one will see what you're watching." https://www.youtube.com/watch?v=KICKFyYB00M&t=1124s at 18:08. Ninth Circuit Judge Anthony Johnstone then added that "isn't there enough on the complaint for us to find that, whether or not movie theaters are covered here, that your client did, at least according to the allegations on the complaint, which we must take as true, share personally identifying information, or at least there's a factual question as to whether those pixels accomplished that?" *Id*. at 19:54.

Finally, Angelika Film Center argues that "in both examples [of VTSPs] provided by the Court in *Salazar*, the company … deals in … audiovisual materials as a business," whereas Angelika Film Center "does not do so" because it is "engaged in the business of selling movie ***tickets***." ECF No. 30, at 2. But as Plaintiff explained, "People do not buy movie tickets from the Film Center's website to admire how the tickets look on their phones. People buy movie tickets to obtain a specific video service: the immersive experience of watching a film in the cinema (for which the home television is no substitute). In other words, the movie ticket is not the good being purchased, it is the proof one purchased a specific video service." Opposition Brief, ECF No. 17, at 9 (emphasis in original). And as the Second Circuit held: "Congress cast a wide net in defining 'video tape service provider,' to ensure that businesses dealing in audiovisual goods or services satisfy the definition." *Salazar*, 118 F.4th at 548 (emphasis added). Simply put, because Angelika Film Center provides video services, it is a video tape service provider. Defendant likewise concedes websites like "Hulu [which] offer[] video streaming services" would qualify as video tape service providers. ECF No. 30 at 3. It cannot escape complying with the law by reframing what it does.

Very truly yours,

Philip L. Fraietta

CC: All counsel of record (via ECF)