GreenbergTraurig

Mark E. Ferrario
Tel (702) 792-3773
Fax (702) 792-9002
ferrariom@gtlaw.com

Tyler Andrews
Tel (702) 792-3773
Fax (702) 792-9002
tyler.andrews@gtlaw.com

Sarah E. Atlas
Tel (212) 801-9200
Fax (212) 801-6400
atlass@gtlaw.com

December 20, 2024

**VIA ELECTRONIC CASE FILING**
Honorable Paul A. Engelmayer
United States District Court
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: ***Berryman v. Reading International, Inc.*, Case No. 24-cv-00750-PAE**

Dear Judge Engelmayer:

We write in brief response to Plaintiff's notice of supplemental authority regarding the December 9, 2024 Decision and Order in *Cammayo v. 1and8, Inc. d/b/a Museum of Ice Cream*, Index No. 150173/2024, NYSCEF No. 59 (Sup. Ct. Richmond Cnty. Dec. 9, 2024). *See* ECF No. 33. For the brief reasons stated herein, the Decision and Order is inapplicable.

***First***, the Decision and Order is an unpublished ruling from Richmond County decided under state law (CPLR § 3211(a)(3)) rather than the federal standing requirements imposed on actions brought in Federal Court, as is the case here.

***Second***, as to the court's consideration of the voluntary payment doctrine more specifically, the Decision and Order states merely that—based on the pleadings in that action, which are not before this Court—plaintiff's claim in *Cammayo* alleged ***non-disclosure*** and thus it was pre-mature to determine whether the voluntary payment doctrine barred the claim. ECF No. 33, Ex. A at 4 ("however, [the doctrine] does not apply when a claim is predicated on a lack of full disclosure by a defendant, which is exactly what the Plaintiff in this case is claiming"). Here, the complaint does not allege non-disclosure. Instead, it concedes full disclosure but alleges that it occurred one page/screen later than it should have. ECF No. 1 ¶¶ 67-68. Plaintiff's claim here fails as a matter of law because the very screen that Plaintiff alleges displays the service charge—the screen at which the customer selects her seats—***is*** the screen by which the NY ACAL law is triggered—i.e., "once a consumer visits a ticket marketplace and first sees a list of ***seat*** prices." ECF No. 1 ¶ 64 (citing N.Y. Dep't of State, Div. Licens. Servs., *Request for*

GT GreenbergTraurig

*Additional Guidance – New York State Senate Bill S.9461* (emphasis added)). Thus, the service fee here is displayed before the ticket is "***selected*** for purchase," § 25.07(4) (emphasis added), and ***far before the "Order Confirmation" screen and before any payment is requested***. *See* ECF No. 1 ¶ 69; *see also* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461* (noting that only "[w]here an online purchaser ***is nearing the end of the purchasing process, after selecting the tickets***, the final total price should . . . include the fully disclosed ticket price" (emphasis added)).

Respectfully submitted,

*/s/ Tyler Andrews*
Mark E. Ferrario
Tyler Andrews
Sarah E. Atlas

*Counsel for Defendant*
*Reading International, Inc*.

cc: All counsel of record (via ECF)