**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HALEY BERRYMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>READING INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 1:24-cv-00750-PAE |

Defendant READING INTERNATIONAL, INC. ("Defendant"), by and through its undersigned attorney, answers and asserts affirmative defenses in response to Plaintiff HALEY BERRYMAN's ("Plaintiff") February 1, 2024 Complaint (the "Complaint") as follows:

**NATURE OF THE ACTION**

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits only that its subsidiary entities own and operate Angelika Film Centers and AngelikaFilmCenter.com.

3. The allegations in Paragraph 3 of the Complaint characterize this action and require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 refers to the text of the Video Privacy Protection Act ("VPPA") and S. Rep. No. 100-599, and Defendant refers to the VPPA and S. Rep. No. 100-599 for their contents.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 refers to the text of the Arts and Cultural Affairs Law § 25.07(4) and its latest version, and Defendant refers to the Arts and Cultural Affairs Law § 25.07(4) and its latest version for their contents.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

**PARTIES**

8. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies that it is a Nevada corporation with its principal place of business at 5995 Sepulveda Blvd., Suite 300, Culver City, CA 90230. Defendant's corporate address is at 189 Second Avenue, Suite 2S, New York, NY, 10003. Defendant otherwise admits only that its subsidiary entities own and operate Angelika Film Center and AngelikaFilmCenter.com.

**JURISDICTION AND VENUE**

10. Paragraph 10 states a legal conclusion to which no response is required.

11. Paragraph 11 states a legal conclusion to which no response is required.

12. Paragraph 12 states a legal conclusion to which no response is required.

13. Paragraph 13 states a legal conclusion to which no response is required.

14. Paragraph 14 states a legal conclusion to which no response is required.

**FACTUAL BACKGROUND**

15. The allegations in Paragraph 15 of the Complaint characterize the VPPA and require no response. Paragraph 15 also refers to the text of S. Rep. 100-599, and Defendant refers to S. Rep. 100-599 for its contents.

16. Paragraph 16 refers to the text of the VPPA, and Defendant refers to the VPPA for its contents.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 states a legal conclusion to which no response is required. Paragraph 18 also refers to the text of the VPPA and S. Rep. 100-599, and Defendant refers to the VPPA and

S. Rep. 100-599 for their contents. To the extent a response is required, Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits only that its subsidiary entities own and operate Angelika Film Center and AngelikaFilmCenter.com.

20. Paragraph 20 refers to the text of the Angelika Anywhere website, which is not at issue in this case, and for which no response is required.

21. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint. Paragraph 21 also refers to the text of Sean Burch, *Facebook Climbs to 2.9 Billion Users, Report 29.1 Billion in Q2 Sales*, YAHOO (July 28, 2021), https://www.yahoo.com/now/facebook-climbs-2-9-billion-202044267.html, Sam Schechner and Jeff Horwitz, *How Many Users Does Facebook Have? The Company Struggles to Figure It Out*, WALL. ST. J. (Oct. 21, 2021), FACEBOOK, COMMUNITY STANDARDS, PART IV INTEGRITY AND AUTHENTICITY, https://www.facebook.com/communitystandards/integrity_authenticity, and FACEBOOK, SIGN UP, https://www.facebook.com/, and Defendant refers to those sources for their contents.

22. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint. Paragraph 22 also refers to the text of Mike Isaac, *Facebook's profit surges 101 percent on strong ad sales.*, N.Y. TIMES (July 28, 2021), https://www.nytimes.com/2021/07/28/business/facebook-q2-earnings.html, and Defendant refers to that source for its contents.

23. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint. Paragraph 23 also refers to the text of FACEBOOK, WHY ADVERTISE ON FACEBOOK,

https://www.facebook.com/business/help/205029060038706, FACEBOOK, ABOUT FACEBOOK PIXEL, https://www.facebook.com/business/help/742478679120153?id=1205376682832142, FACEBOOK, AD TARGETING: HELP YOUR ADS FIND THE PEOPLE WHO WILL LOVE YOUR BUSINESS, https://www.facebook.com/business/ads/ad-targeting and FACEBOOK, EASIER, MORE EFFECTIVE WAYS TO REACH THE RIGHT PEOPLE ON FACEBOOK, https://www.facebook.com/business/news/Core-Audience, and Defendant refers to those sources for their contents.

24. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint. Paragraph 24 also refers to the text of FACEBOOK, ABOUT CUSTOM AUDIENCES, https://www.facebook.com/business/help/744354708981227?id=2469097953376494, FACEBOOK, ABOUT EVENTS CUSTOM AUDIENCE, https://www.facebook.com/business/help/366151833804507?id=300360584271273, FACEBOOK, ABOUT LOOKALIKE AUDIENCES, https://www.facebook.com/business/help/164749007013531?id=401668390442328. FACEBOOK, CREATE A CUSTOMER LIST CUSTOM AUDIENCE, https://www.facebook.com/business/help/170456843145568?id=2469097953376494; FACEBOOK, CREATE A WEBSITE CUSTOM AUDIENCE, https://www.facebook.com/business/help/1474662202748341?id=2469097953376494, and Defendant refers to those sources for their contents.

25. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint. Paragraph 25 also refers to the text of

FACEBOOK, RETARGETING, https://www.facebook.com/business/goals/retargeting, and Defendant refers to that source for its contents.

26. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint. Paragraph 26 also refers to the text of FACEBOOK, FACEBOOK PIXEL, ACCURATE EVENT TRACKING, ADVANCED, https://developers.facebook.com/docs/facebook-pixel/advanced/, FACEBOOK, BEST PRACTICES FOR FACEBOOK PIXEL SETUP, https://www.facebook.com/business/help/218844828315224?id=1205376682832142, FACEBOOK, SPECIFICATIONS FOR FACEBOOK PIXEL STANDARD EVENTS, https://www.facebook.com/business/help/402791146561655?id=1205376682832142, and FACEBOOK, ABOUT STANDARD AND CUSTOM WEBSITE EVENTS, https://www.facebook.com/business/help/964258670337005?id=1205376682832142., and Defendant refers to those sources for their contents.

27. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint. Paragraph 27 also refers to the text of FACEBOOK, FACEBOOK PIXEL, https://developers.facebook.com/docs/facebook-pixel/, and Defendant refers to that source for its contents.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Complaint. Paragraph 41 also refers to the text of DATA PROTECTION COMMISSIONER, FACEBOOK IRELAND LTD, REPORT OF RE-AUDIT (Sept. 21, 2012), http://www.europe-v-facebook.org/ODPC_Review.pdf, FACEBOOK, CONVERSION API, https://developers.facebook.com/docs/marketingapi/conversions-api/parameters/fbp-and-fbc/, FACEBOOK, COOKIES & OTHER STORAGE TECHNOLOGIES, https://www.facebook.com/policy/cookies/, and FACEBOOK, COOKIES &

OTHER STORAGE TECHNOLOGIES, https://www.facebook.com/policy/cookies/, and Defendant refers to those sources for their contents.

42. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Complaint. Paragraph 43 also refers to the text of FACEBOOK, COOKIES & OTHER STORAGE TECHNOLOGIES, https://www.facebook.com/policy/cookies/, and Defendant refers to that source of its contents.

44. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Complaint. Paragraph 44 also refers to the text of FACEBOOK, COOKIES & OTHER STORAGE TECHNOLOGIES, https://www.facebook.com/policy/cookies/, and Defendant refers to that source for its contents.

45. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Complaint. Paragraph 45 also refers to the text of PC MAG, FIRST-PARTY COOKIES, https://www.pcmag.com/encyclopedia/term/first-partycookie and PC MAG, THIRD-PARTY COOKIES, https://www.pcmag.com/encyclopedia/term/third-partycookie, and Defendant refers to those sources for their contents.

46. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Complaint. Paragraph 48 also refers to the text of

FACEBOOK, GET STARTED, https://developers.facebook.com/docs/meta-pixel/get-started, and Defendant refers to that source for its contents.

49. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Complaint. Paragraph 49 also refers to the text of https://www.facebook.com/business/help/611774685654668?id=1205376682832142, FACEBOOK, ABOUT ADVANCED MATCHING FOR WEB, https://www.facebook.com/business/help/611774685654668?id=1205376682832142 and DEFINITION OF HASH, https://www.pcmag.com/encyclopedia/term/hash, and Defendant refers to those sources for their contents.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of the Complaint. Paragraph 51 also refers to the text of https://developers.facebook.com/docs/meta-pixel/advanced/advanced-matching, and Defendant refers to that source for its contents.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint. Paragraph 57 also refers to the text of FACEBOOK, ABOUT ADVANCED MATCHING FOR WEB, https://www.facebook.com/business/help/611774685654668?id=1205376682832142, and Defendant refers to that source for its contents.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 refers to the text of the Arts and Cultural Affairs Law § 25.07(4), and Defendant refers to the Arts and Cultural Affairs Law § 25.07(4) for its contents. To the extent a response is required, Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. The allegations in Paragraph 64 of the Complaint characterize this action and require no response. Paragraph 64 also refers to the text of N.Y. Dep't of State, Div. Licens. Servs., Request for Additional Guidance – New York State Senate Bill S.946, and Defendant refers to the N.Y. Dep't of State, Div. Licens. Servs., Request for Additional Guidance – New York State Senate Bill S.946 for its contents. Paragraph 64 also states a legal conclusion to which no response is required.

65. Paragraph 65 refers to the text of https://www.angelikafilmcenter.com, and Defendant refers to https://www.angelikafilmcenter.com/ for its contents.

66. Paragraph 66 refers to the text of https://www.angelikafilmcenter.com, and Defendant refers to https://www.angelikafilmcenter.com/ for its contents.

67. Paragraph 67 refers to the text of https://www.angelikafilmcenter.com, and Defendant refers to https://www.angelikafilmcenter.com/ for its contents.

68. Paragraph 68 refers to the text of https://www.angelikafilmcenter.com, and Defendant refers to https://www.angelikafilmcenter.com/ for its contents. To the extent a response is required, Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Paragraph 69 refers to the text of https://www.angelikafilmcenter.com, and Defendant refers to https://www.angelikafilmcenter.com/ for its contents.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of the Complaint. To the extent a response is required, Defendant denies the allegations contained in Paragraph 76 of the Complaint.

## CLASS ALLEGATIONS

77. The allegations in Paragraph 77 of the Complaint characterize this action and require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. The allegations in Paragraph 78 of the Complaint characterize this action and require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. The allegations in Paragraph 79 of the Complaint characterize this action and require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. The allegations in Paragraph 80 of the Complaint characterize this action and require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. The allegations in Paragraph 81 of the Complaint characterize this action and require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. The allegations in Paragraph 82 of the Complaint characterize this action and require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83. The allegations in Paragraph 83 of the Complaint characterize this action and require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 83 of the Complaint.

## CAUSES OF ACTION

## COUNT I
## VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT
## 18 U.S.C. § 2710, et seq.

84. The allegations in Paragraph 84 of the Complaint characterize this action and require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Paragraph 85 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Paragraph 86 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Paragraph 88 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 90 of the Complaint./ Defendant denies the allegations contained in Paragraph 90 of the Complaint.

93. Paragraph 93 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. The allegations in Paragraph 94 of the Complaint characterize this action and require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 94 of the Complaint.

**COUNT II**
**VIOLATION OF THE NEW YORK ARTS AND CULTURAL AFFAIRS LAW § 25.07**

95. The responses to the allegations set forth in the foregoing paragraphs are restated and incorporated by reference.

96. The allegations in Paragraph 96 of the Complaint characterize this action and require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97. Paragraph 97 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98. Paragraph 98 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99. Paragraph 99 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Paragraph 100 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. The allegations in Paragraph 102 of the Complaint characterize this action and require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 102 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state claims upon which relief can be granted, whereupon this Court must dismiss Plaintiff's Complaint.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred as Plaintiff has failed to mitigate their alleged damages, whereupon this Court must dismiss Plaintiff's Complaint.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred in-whole or in-part under the doctrines of laches, waiver, ratification, acquiescence, estoppel, unclean hands, illegality, *in pari delicto*, promissory estoppel, and unjust enrichment, whereupon this Court must dismiss Plaintiff's Complaint.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

By virtue of the foregoing, Plaintiff failed to join indispensable parties, without whom this Court cannot accord complete relief by and amongst the parties, wherefore this Court must dismiss Plaintiff's Complaint.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

By virtue of the foregoing, Plaintiff's claims are time-barred by the statute of limitations, wherefore this Court must dismiss Plaintiff's Complaint.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

By virtue of the foregoing, Plaintiff's Complaint are barred upon the failure to a condition precedent, whereupon this Court must dismiss Plaintiff's Complaint.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

By virtue of the foregoing, Plaintiff's claims are barred by the doctrine of release, wherefore this Court must dismiss Plaintiff's Complaint.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

By virtue of the foregoing, Defendant's performance is excused based upon the doctrine of mistake.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

By virtue of the foregoing, Plaintiff's and the putative class members claims are barred by the failure to establish personal jurisdiction.

**PRAYER FOR RELIEF**

**WHEREFORE,** Defendant respectfully request judgement dismissing Plaintiff's Complaint, together with such other and further relief as this Court deems just and proper.

DATED this 11th day of February, 2025

**GREENBERG TRAURIG, LLP**

By: */s/ Tyler Andrews*
Sarah E. Atlas
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: atlass@gtlaw.com

Mark E. Ferrario, Esq.
Nevada Bar. No. 1625
Tyler Andrews, Esq.
Nevada Bar No. 9499
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: ferrariom@gtlaw.com
tyler.andrews@gtlaw.com

*Attorneys for Reading International, Inc.*