BURSOR & FISHER P.A.

50 MAIN STREET, SUITE 475
WHITE PLAINS, NY 10606
www.bursor.com

PHILIP L. FRAIETTA
Tel: 914.874.0710
Fax: 914.206.3656
pfraietta@bursor.com

December 19, 2025

***Via ECF***

The Honorable Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Berryman v. Reading International, Inc.,* Case No. 1:24-cv-00750-PAE (S.D.N.Y.)

Judge Engelmayer,

I write on behalf of Plaintiff Haley Berryman ("Plaintiff") to request the Court to compel Defendant Reading International, Inc. ("Defendant" or "Reading") to produce documents related to its alleged disclosure of website subscribers' *first and last names and email addresses* to Meta Platforms, Inc.

As Plaintiff noted in her opposition brief to Reading's motion to dismiss, "[t]he text of the VPPA expressly says that 'names … of consumers' along with either the 'title, description, or subject matter of any … audio visual material,' qualify as 'personally identifiable information.'" ECF No. 64, at p.1 (quoting 18 U.S.C. § 2710(b)(2)(D)). And Plaintiff alleged that Reading configured the Tracking Pixel on its website to capture the "*first name, last name and email*" consumers entered into the site when logging in and creating accounts. *Id*. at 1-2 (citing First Amended Complaint ¶¶ 64, 69, 71, and 86). In its reply brief, *Reading did not dispute, that if true, that would state a VPPA claim*. *See generally*, ECF No. 65. Instead, its reply brief entirely pivoted to arguing "there is no supporting evidence that account information … is allegedly disclosed to Facebook *at all*." ECF No. 65, at p.3.

In simple terms, Reading's argument appears to be that Plaintiff's claim must be dismissed because there is "no supporting evidence," and she's not entitled to get any supporting evidence from Reading because the claim will be dismissed.

This is *not* how civil discovery works in the United States. Plaintiff has plausibly stated a claim. She is entitled to prove that claim through factual discovery. Discovery cannot be denied and her claim cannot be dismissed simply because we unquestioningly accept the opposing party's circular arguments. Plaintiff "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim." Fed. R. Civ. P. 26(b)(1). In making this determination the Court "consider[s] the importance of the issues at stake in the action, … the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues." *Id*.

Here, as Reading's own motion to dismiss illustrates, whether personally identifiable information was disclosed to Meta is the biggest "issue[] at stake in this action." Fed. R. Civ. P.

26(b)(1). And discovery into whether Reading programmed the Meta Tracking Pixel to capture first and last names is critical to resolving that issue. And as to "the parties' relative access to relevant information," factor, the information Reading can provide is infinitely more relevant that whatever Plaintiff can glean from inspecting a website under browser developer tools, because "the statute views disclosure *from the perspective of the disclosing party*." *Solomon v. Flipps Media, Inc.*, 136 F.4th 41, 52 (2d Cir. 2025) (quoting *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017)) (emphasis added).

The discovery dispute manifested over Reading's objections to Plaintiff's defined terms to its First Set of Requests for Production and its specific objections to Request numbers 19-22, 27-28, 30-36, 38, and 40. In the instructions and definitions section of her first set of RFPs, Plaintiff said "[t]he term 'Personally Identifiable information' or 'PII' shall be construed to mean personal information of any Users of the Website, including but not limited to, full names… [and] e-mail addresses." Ex. A at 5. Defendant, however, "object[ed]" to plaintiff's defined term by arguing it is an "extension or broadening of 'Personally Identifiable Information' beyond the definition provided by 18 U.S.C. § 2710(a)(3) and the Second Circuit's decision in *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025)… Accordingly, Defendant interprets 'Personally Identifiable Information' in conformance with the statute and governing Second Circuit authority." Ex. B at 3-4. Reading then objected to Request numbers 19-22, 27-28, 30-36, 38, and 40 by stating the requests "assume[] facts not in evidence" and that "Reading affirmatively states that it does not disclose (knowingly or otherwise) PII and Video Consumption Behavior."

This is improper for several reasons. <u>First</u>, the term PII is a legal term of art subject to this Court's interpretation, and not Reading's interpretation. And so Reading may not "strain to interpret the request in an artificially restrictive manner to avoid disclosure of relevant and non-privileged documents." *Bell v. Mahoney*, 2021 WL 4551863, at *1–2 (C.D. Cal. Oct. 4, 2021). <u>Second</u>, Reading's own interpretation of PII is at odds with this Court's interpretation. In *Golden v. NBCUniversal Media, LLC*, 688 F. Supp. 3d 150, 161, n.10 (S.D.N.Y. 2023), this Court was tasked with interpreting the term PII, and whether URLs containing the subject matter of videos qualified under the definition. This Court held that they did because of the "18 U.S.C. § 2610(2)(d)(ii)" exception covers "the names and addresses of consumers," for specific purposes, provided the disclosures does not identify the title, description, *or subject matter* of any ... audio visual material." *Id*. (emphasis in original). By that same token, the definition of PII necessarily also includes the "names … of consumer," as well. "[T]he statute's express terms control." *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 550 (2d Cir. 2024).

Plaintiff similarly served a demand for inspection of Defendant's Facebook Business Manager account to further determine exactly how its tracking pixel was configured, and while Reading has not yet served its responses, Plaintiff believes Reading will refuse to allow this inspection based on these same circular objections. The parties met and conferred via video-conference on December 18, 2025, and while they agreed on some discovery issues, they reached an impasse on this one.

Plaintiff requests an informal conference to discuss these issues.

Very truly yours,

Philip L. Fraietta

CC: All counsel of record (via ECF)