GT GreenbergTraurig

Mark E. Ferrario
Tel (702) 792-3773
Fax (702) 792-9002
ferrariom@gtlaw.com

Tyler Andrews
Tel (702) 792-3773
Fax (702) 792-9002
tyler.andrews@gtlaw.com

Sarah E. Atlas
Tel (212) 801-9200
Fax (212) 801-6400
atlass@gtlaw.com

January 5, 2026

**VIA ELECTRONIC CASE FILING**
Honorable Paul A. Engelmayer
United States District Court
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: ***Berryman v. Reading International, Inc.*, Case No. 24-cv-00750-PAE – Motion to Seal Exhibit to Reading Response to Plaintiff's Motion to Compel**

Dear Judge Engelmayer:

Pursuant to Section 4(b) of Your Honor's Individual Rules and Practices in Civil Cases, Defendant Reading International, Inc. ("Reading") requests permission to file under seal Exhibit A to Reading's response to Plaintiff's motion to compel and to redact certain confidential business information contained in the Exhibit. Pursuant to Section 4(b)(2) of Your Honor's Individual Rules, Reading has publicly filed on ECF a version of the Exhibit with the proposed redactions, and submits with this letter an unredacted version of its submission with proposed redactions highlighted, along with the Exhibit to be filed under seal.

Reading's request is made because Exhibit A to Reading's response constitutes information that Reading designated confidential and submitted pursuant to an agreement by the parties to submit a proposed protective order and to be maintained in confidence subject to entry of a protective order. The information redacted in Exhibit A contains information that Reading considers to constitute confidential business information, including conversions of marketing advertising campaigns that are competitively sensitive, including the frequency, costs, reach, and success rates of marketing campaigns. *See, e.g.*, *Vesta Corset Co. v. Carmen Founds.*, 1999 WL 13257, *2 (S.D.N.Y. 1999) (protecting confidential commercial information such as "pricing, profits, costs, overhead, manufacturing specifications, customer lists, price structure, and dealings with a common customer"); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (stating "[d]ocuments falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing

GT GreenbergTraurig

plans, revenue information, pricing information, and the like"). The proposed redacted information has not been released publicly and is not otherwise known outside of Reading, and Reading's proposed redactions are no more than necessary to protect its confidential information. Moreover, because the redacted information does not contain any alleged disclosure of PII, it is not demonstrative of any VPPA violation and any presumption of public access to the information for resolution of Plaintiff's claim cannot be met. There is, accordingly, no countervailing interest requiring public disclosure of Reading's competitively significant information contained in Exhibit A.

Accordingly, Reading respectfully requests that the Court allow Reading to file the document under seal and redact the competitively significant information from public view.

We thank the Court for its consideration and courtesies.

Respectfully submitted,

*/s/ Mark E. Ferrario*
Mark E. Ferrario
Tyler Andrews
Sarah E. Atlas

*Counsel for Defendant*
*Reading International, Inc*.

cc: All counsel of record (via ECF)