GreenbergTraurig

Mark E. Ferrario
Tel (702) 792-3773
Fax (702) 792-9002
ferrariom@gtlaw.com

Tyler Andrews
Tel (702) 792-3773
Fax (702) 792-9002
tyler.andrews@gtlaw.com

Sarah E. Atlas
Tel (212) 801-9200
Fax (212) 801-6400
atlass@gtlaw.com

January 5, 2026

**VIA ELECTRONIC CASE FILING**
Honorable Paul A. Engelmayer
United States District Court
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: ***Berryman v. Reading International, Inc.*, Case No. 24-cv-00750-PAE**

Dear Judge Engelmayer:

We write in response to Plaintiff's request to compel. ECF No. 67. In short, the request seeks to compel the production of records and information that Defendant Reading International, Inc. ("Reading") does not possess.

Plaintiff's theory for her VPPA claim consists of a disjointed two-pronged approach, as explained in Reading's pending motion to dismiss the VPPA claim underlying this discovery dispute. *See* ECF No. 62 (memorandum in support); ECF No. 64 (Plaintiff's opposition); ECF No. 65 (Reading's reply). First, Plaintiff alleges that Reading collects first names, last names, and email addresses if an individual creates an account on the site. *See* ECF No. 67 at 1; ECF No. 58 at ¶¶ 64, 69, and 86. Second, Plaintiff alleges that Reading discloses the title, description, and subject matter of audio-visual materials to Meta, which constitutes "personally identifiable information" according to Plaintiff. While Plaintiff includes screenshots of the proposed disclosure of audio-visual materials to Meta in her complaint[1], Plaintiff only alleges in conclusory fashion that Reading discloses the names and email addresses as well, without any supporting evidence or similar screenshots whatsoever. Plaintiff's mistaken conflation is what drives the present discovery dispute.

[1] As stated in Reading's pending motion to dismiss, those screenshots refer to the *purchase* of a ticket, not viewing a particular movie trailer on Reading's website.

GT GreenbergTraurig

While Plaintiff's letter does not identify any specific RFP by number, which alone should defeat the request, Reading presumes that Plaintiff refers to RFPs such as No. 22, in which Plaintiff requested "Documents sufficient to show all Disclosures of Plaintiff's, Accounts Holders', and Newsletter Recipients' PII and Video Consumption Behavior to any third-party, including Meta." *See* ECF No. 67-002 at 11. Reading objected that the Request assumed facts not in evidence—i.e., that such information was collected by Reading, let alone disclosed to Meta—and that the Request sought records within the possession, custody, or control of third parties to the extent any such records existed—i.e., Meta. Nevertheless, Reading also stated that "it does not disclose (knowingly or otherwise) PII and Video Consumption Behavior to any third-party and therefore has no responsive records to produce." *Id.*

To the extent Plaintiff believes that information was sent by Reading to Meta, it should have subpoenaed Meta for said information. **But there are no records in Reading's possession documenting any transmission of last names, first names, or email addresses to Meta.** Moreover, **Reading does not track video views**. Reading accordingly cannot be compelled to produce the requested information. Reading presumes that Plaintiff's actual desire is for Reading to simply produce all of its account holders' information regardless of any alleged disclosure to Meta. But there is no support for production of such broad information.

As for Plaintiff's argument that "discovery into whether Reading programmed the Meta Tracking pixel to capture first and last names is critical to resolving [the issue whether information was disclosed to Meta]," ECF No. 67 at 1-2, Reading provided interrogatory responses identifying exactly the information it understands is collected by Meta, and which is accessible to Reading. The information accessible to Reading contains only disclosure of whether (and the sum total at the highest level) an advertising campaign led to a **purchase** of a movie ticket. *See* Exhibit A at 12-14, ROG No. 22 (submitted under seal, and that was provided to Plaintiff under an agreement to maintain the information's confidentiality). It does not contain any information of specific purchasers.

Further still, Reading produced a screenshot of its marketing pixel configuration, showing that it does not use website matching as Plaintiff alleged. *See id.* at 15. In this regard, to the extent Plaintiff seeks information sufficient to identify whether Reading "programmed the Meta Tracking Pixel to capture the first and last name," ECF No. 67 at 2, Reading produced the only information it possesses showing that **Reading does not use advanced matching and thus did not program the Meta Tracking Pixel to capture the first name, last name, or email address**. This fact also undermines Plaintiff's request on December 9, 2025 for an inspection of Reading's tracking configuration, which Plaintiff refers to on page 2 of its letter.

While Plaintiff's request suggests Reading chose to withhold records due to a fight about the interpretation of "personally identifiable information," ECF No. 67 at 2, the truth is simply that the records Plaintiff wishes existed do not exist.

GT GreenbergTraurig

Respectfully submitted,

<u>*/s/ Mark E. Ferrario*</u>
Mark E. Ferrario
Tyler Andrews
Sarah E. Atlas

*Counsel for Defendant*
*Reading International, Inc*.

cc: All counsel of record (via ECF)