**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HALEY BERRYMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>READING INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 1:24-cv-00750-PAE |

**DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

I, Philip L. Fraietta, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a Managing Partner at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I am an attorney at law licensed to practice in the States of New York, New Jersey, Illinois, Michigan, and California, and I am admitted to practice in this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Plaintiff's Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel, filed herewith.

3. On February 1, 2024, Plaintiff Berryman filed a putative class action in the United States District Court for the Southern District of New York. The material allegations of the complaint centered on Defendant's alleged violation of the Video Privacy Protection Act ("VPPA") and violation of New York Arts and Cultural Affairs Law ("ACAL") § 25.07(4). On October 6, 2025 Plaintiff Berryman filed a First Amended Class Action Complaint ("FAC"), adding a claim for alleged violation of the New York Video Consumer Privacy Act ("NY VCPA").

Attached hereto as **Exhibit 1** is a true and correct copy of the FAC filed in this matter. On March 12, 2026, the Court granted Defendant's Motion to Dismiss Plaintiff's claims under the VPPA and the NY VCPA, leaving Plaintiff's ACAL claim intact. ECF No. 84.

4. Attached hereto as **Exhibit 2** is a true and correct copy of the transcript of the Deposition of John Goeddel, the 30(b)(6) designee for Defendant.

5. Attached hereto as **Exhibit 3** is Defendant's Second Supplemental Responses to Plaintiff's First Set of Interrogatories.

6. Attached hereto as **Exhibit 4** is a true and correct copy of the transcript of the Deposition of Plaintiff Haley Berryman.

7. Attached hereto as **Exhibit 5** is a true and correct copy of a document produced by Defendant bearing bates number RII001777, which has been marked as confidential. This Exhibit will be submitted to the Court via thumb drive contemporaneously with the filing of this motion.

8. Attached hereto as **Exhibit 6** is a true and correct copy of Bursor & Fisher's firm resume. Bursor & Fisher has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. We have successfully obtained settlements for consumers in a number of cases involving illegal fees under the New York Arts and Cultural Affairs Law § 25.07(4) ("ACAL"), including in this District. *See, e.g.*, *Presson v. Alamo Intermediate II Holdings, LLC*, 2025 WL 3088978, at *2 (S.D.N.Y. Nov. 5, 2025) ($7.075 million class settlement); *Jones v. Regal Cinemas, Inc.*, Case No. 1:23-cv-11145, ECF No. 42 (S.D.N.Y. Mar. 6, 2025) ($2.5 million class settlement); *Norcross v. Tishman Speyer Properties, L.P.*, Case No. 1:23-cv-11153, ECF No. 36 (S.D.N.Y. Aug. 16, 2024) ($1.1 million class settlement). Notably, the ACAL cases involved an untested area of the law. Despite this, my firm—and me personally, as lead counsel in these cases—achieved considerable success and meaningful settlements for

consumers.

9. Throughout the pendency of this action, Plaintiff has adequately and vigorously represented her fellow Class Members. She has spent significant time assisting her counsel, providing information regarding Defendant's policies and practices, reviewing and commenting on the complaint, providing pertinent documents, and being deposed.

10. Pursuant to the retention agreement between the Plaintiff and Bursor & Fisher, P.A., Plaintiff's counsel has accepted financial responsibility for prosecuting this class action on a purely contingent basis.

11. My firm is unaware of any individual actions that have been instituted by Class Members.

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed on June 15, 2026 in White Plains, New York.

*/s/ Philip L. Fraietta*
Philip L. Fraietta